NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS, SBN 197904
Marisa.poulos@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>DIRTY DOUGH, LLC, an Arizona limited liability company; and BENNETT MAXWELL, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the County of Orange, State of CA.

2. Defendant Dirty Dough, LLC, an Arizona limited liability company ("Dirty Dough") is, and at all times relevant to this action was, an Arizona limited liability company with its principal place of business in the County of Maricopa, State of Arizona.

3. Defendant Bennett Maxwell ("Maxwell") (collectively with Dirty Dough, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Utah, State of Utah. Based on information and belief, including the Driver's License submitted by Maxwell to Balboa, Maxwell is domiciled in Orem, UT 84057.

4. Based on my office's research, and upon information and belief, Dirty Dough has three members—defendant Maxwell, Bradley Maxwell ("Bradley"), Timothy Attaway ("Attaway")—are the only members of Dirty Dough. Based on information and belief, defendant Maxwell, Bradley and Attaway are residents of Utah. Thus, Dirty Dough is a citizen of the State of Utah.

5. Plaintiff is informed and believes, and thereon alleges, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and

1

COMPLAINT

believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA**
> . . . Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California. Further, Maxwell is a citizen of the State of Utah and Dirty Dough is a citizen of the State of Utah. As such, Defendants are not citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Dirty Dough)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to August 2022, Balboa is informed and believes that Dirty Dough initiated and engaged with Food Trailers, Inc., located at 1255 W. 3300 S. Ogden, UT 84401 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral") for its business. The Equipment Vendor worked with Dirty Dough in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Dirty Dough's electronic credit application to Balboa and other financial institutions. Upon review, Dirty Dough concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Dirty Dough to finance the Collateral being supplied by the Equipment Vendor.

15. On or about August 3, 2022, Dirty Dough executed a certain written Equipment Financing Agreement No. 359318-007 (the "EFA"), under the terms of which Balboa loaned to Dirty Dough the sum of One Hundred Thousand Two Hundred Ninety-Eight Dollars ($100,298.00) to finance the Collateral for its business. The EFA required Dirty Dough to make sixty (60) quarterly payments of

**$7,250.34** thereafter, payable on the 27th of March, June, September, and December, beginning December 27, 2022.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. On August 3, 2022, the parties executed a Change of Addendum that modified the base terms as follows: (1) the quarterly rent of $7,250.34 was modified to $7,775.99, (2) 60 quarterly payments was modified to 20 quarterly payments, and (3) the cost of the Collateral was modified from $100,298.00 to $107,569.61. A true and correct copy of the Change of Addendum is attached as **Exhibit A (Page 7)** and is incorporated here by reference.

17. The last payment received by Balboa was credited toward the quarterly payment due for September 27, 2024.  Therefore, on or about December 27, 2024, Dirty Dough breached the EFA by failing to make the quarterly payment due on that date. Dirty Dough's failure to make timely payments is a default under the terms of the EFA.

18. In accordance with the EFA, and as a proximate result Dirty Dough's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $85,535.90. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Dirty Dough.

19. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Dirty Dough.

20. As a proximate result of Dirty Dough's breach of the EFA, Balboa has been damaged in the sum of **$85,535.90** plus prejudgment interest from December 27, 2024, until the entry of judgment herein.

21. Further, under the terms of the EFA, Dirty Dough promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement

of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Dirty Dough.

22. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION
### (Breach of Personal Guaranty)
### (Against Maxwell)

23. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

24. Concurrently with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Dirty Dough, Maxwell guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Maxwell (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

25. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Maxwell.

26. Following a default by Dirty Dough under the terms of the EFA, Balboa demanded Maxwell make the payments required under the EFA. Maxwell failed to meet the Guaranty obligations and make the payments required under the EFA.

27. Pursuant to the terms of Guaranty, the sum of **$85,535.90**, plus prejudgment interest from December 27, 2024, is due and payable to Balboa from Maxwell. This Complaint, in addition to previous demands, shall constitute further

demand upon Maxwell to pay the entire indebtedness due and owing from Dirty Dough to Balboa under the terms of the EFA.

28. Under the terms of Guaranty, Maxwell promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Maxwell.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of **$85,535.90**;

2. Prejudgment interest from December 27, 2024, to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: September 12, 2025                    SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Patty W. Chen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION